In the Matter of RALPH R. DENNIS, a Person Alleged to be a Juvenile Delinquent, Appellant.

Fourth Department, December 12, 1963.

*Faith A. Seidenberg* for appellant.

*Joseph A. Ryan, District Attorney* (*Michael R. Canestrano* of counsel), for respondent.

*Per Curiam.* Appellant, a 15-year-old boy, appeals from a Family Court order adjudicating him a delinquent for having committed an offense which, if he were an adult, would have been robbery in the first degree (Penal Law, § 2124 [subd. 4]) and committing him to Elmira Reception Center for a term not to exceed three years. Appellant urges several grounds for reversal but we shall deal only with those which, in our judgment, constrain us to reverse the order of delinquency. The history of this boy is indeed an unhappy and bad one and the record contains ample proof justifying the finding upon the charge of delinquency. There were, however, serious failures to comply with the provisions of the Family Court Act and these errors make a new proceeding necessary.

The appellant was on probation at the time he was taken into custody on November 27, 1962 on the charge that he had forcibly taken a purse from an elderly lady who was seriously injured in the robbery. He was arrested at his home by two police officers and taken to police headquarters where he was questioned for a considerable period of time and then taken to the Hillbrook Detention Home. Section 724[*] was violated for appellant was taken into custody without a warrant and his mother, the person legally responsible for his care and with whom he was domiciled, was not immediately notified (§ 724, subd. [a]). Although appellant claims an improper arrest, because of the lack of a warrant, there was no violation of section

---

[*] All references to sections in this opinion are to sections of the Family Court Act unless otherwise indicated.

721 for a warrant is unnecessary in cases in which a police officer may arrest a person under circumstances covered by section 177 of the Code of Criminal Procedure. Based upon the information which the police had, it was clear that a felony had been committed and that the appellant might be implicated.

Appellant further complains that he was granted no hearing until December 18, 1962, in violation of section 729 which provides that no child may be detained for more than 48 hours without a hearing to determine whether the court appears to have jurisdiction and at which hearing he is to be advised of his rights to counsel and given a reasonable time to send for his parents (§ 728). Respondent argues that the appellant being on probation before the alleged offense was at all times within the control and jurisdiction of the Family Court and, accordingly, the need for a hearing, pursuant to section 729, was not present. However, it should be noted that section 779 requires that there be a hearing to determine whether probation has been violated. The record is barren of any information to indicate that such a hearing was held. The question arises — did the violation of probation withdraw, as it were, the usual safeguards of the Act? It may be reasonably argued that there were two separate proceedings and the violation of probation arising out of disorderly conduct with a police officer (appellant is alleged to have resisted arrest and fought with police officer) had nothing to do with the charge of juvenile delinquency based upon the alleged act of robbery. The two proceedings should be considered independently and one could not be used as an excuse justifying the improper police conduct in contravention of the Family Court Act.

The most serious irregularity in this case involves the detention of the boy by the police for four days during which he was questioned and for a week without permitting him to see his mother, a lawyer or any friend, and during that period of detention obtaining a confession from him. The detention is not denied although an effort is made by the police to explain the reason for it. No explanation can justify unreasonable detention for the period involved here. The use of the confession so obtained was improper. The due process requirements in such a situation are clearly set forth in *Gallegos* v. *Colorado* (370 U. S. 49) which involved a 14-year-old boy. There a confession was secured after the child had been detained for five days, even though he admitted the commission of the crime on the first day of his arrest and gave a detailed confession the next day. The failure to permit him to see his parents, a lawyer or other

friendly adult, said the Supreme Court, was a violation of due process guaranteed under the Fourteenth Amendment to the United States Constitution. The following elements were considerations enumerated as the considerations prompting a finding of violation of constitutional rights: (1) youth of petitioner, (2) long detention, (3) failure to send for parents or failure to bring the child immediately before a Judge of the Juvenile Court and (4) failure to see to it that he had a lawyer or an adult friend. How are these elements distinguishable from those present in the case at bar? Even though there is sufficient evidence apart from the alleged coerced confession to support a conviction, the admission into evidence of the confession, over the objection of the appellant, "gives the case an ominous cast" (*Gallegos* v. *Colorado, supra,* p. 54) and vitiates the judgment because it violates the due process clause of the Fourteenth Amendment (*Payne* v. *Arkansas,* 356 U. S. 560, 567; *People* v. *Leyra,* 302 N. Y. 353, 364).

Another serious deficiency in this proceeding was the complete absence of a dispositional hearing although the Act provides that one should follow a fact-finding hearing (§ 746, subd. [a]). Counsel for appellant moved for a three-day adjournment so that certain relevant and material evidence could be brought to the attention of the court in a dispositional hearing. The summary denial of that motion for an adjournment is a violation of the spirit and letter of section 749. Even though the court may be so familiar with all of the facts that it believes that a dispositional hearing will be of no benefit to the child, the requirements of sections 743 to 749 must be followed and a dispositional hearing held.

We recognize that the unsavory record of this boy was well known to the court from the several experiences the court had had with this lad in proceedings in Children's Court before the Family Court came into existence. We must, however, always remember that in order to make a finding that one is a juvenile delinquent the act involved must be one which, "if done by an adult, would constitute a crime" (§ 712). It requires no citation of authority to support the principle that even the worst malefactor under our system of jurisprudence must be given a fair trial in accordance with the Constitution and the statutes. Surely, no less consideration should be given to this cardinal principle because the person charged is under the age of 16. We are not unmindful that we are dealing with an Act which is of very recent origin and that Family Court Judges in all good conscience may find the transition from the procedures of the

Children's Court to be difficult. Nevertheless, all of us who are charged with the responsibility of dealing with proceedings under the Family Court Act must constantly be vigilant to observe and follow its provisions.

The order should be reversed and a new hearing granted.

WILLIAMS, P. J., GOLDMAN, HENRY and NOONAN, JJ., concur.

Order unanimously reversed on the law and facts, without costs and a new hearing granted.